UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA R. KISNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Commissioner of Social Security<br><br>　　　　Defendant. | No. 2:19-cv-673-EFB<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 15 & 19. For the reasons discussed below, plaintiff's motion is granted, the Commissioner's is denied, and the matter is remanded for further proceedings.

I.     Background

In September 2013, plaintiff filed an application for SSI, alleging that she had been disabled since January 1, 2010. Administrative Record ("AR") at 315-20. Her application was denied initially and upon reconsideration. *Id.* at 176-81, 185-191. After holding a hearing, Administrative Law Judge ("ALJ") Peter F. Belli issued a decision finding that plaintiff was not

/////

1

disabled under section 1614(a)(3)(A) of the Act.[1] *Id*. at 160-69. The Appeals Council subsequently granted plaintiff's request for review, vacated the ALJ's decision, and remanded the matter to the ALJ for further consideration of plaintiff's claim. *Id*. at 153-56.

Two additional hearings were subsequently held before the ALJ. *Id*. at 37-83. Plaintiff and a vocational expert testified at both hearings. *Id*. The ALJ issued a new decision on March 28, 2018, again finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act. *Id*. at 18-30. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since August 19, 2013, the application date (20 CFR 416.971 *et seq.*).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2. The claimant has the following severe impairments: diabetes, fibromyalgia, obesity, sleep apnea, hypertension and migraine headaches (20 CFR 416.920(c)).

\* \* \*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

\* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she is able to lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently and sit for eight hours in an eight-hour day with normal breaks and with the option to sit and stand for 40-45 minutes at a time and then change position while not leaving the work station during a brief break to stand or stretch and then to the sitting position. She is able to stand/walk for six hours in an eight-hour day with no prolonged standing or walking and with the option to briefly change position after standing for 10-15 minutes and then return to the standing position.

\* \* \*

5. The claimant is capable of performing past relevant work as an appointment clerk, a retail manager and customer service clerk.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

\* \* \*

6. The claimant has not been under a disability, as defined by the Social Security Act, since August 19, 2013, the date the application was filed (20 CFR 416.920(f)).

*Id.* at 18-26.

Plaintiff's request for Appeals Council's review was denied on February 15, 2019, leaving the ALJ's decision as the final decision of the Commissioner. *Id*. at 1-6.

II.     Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*,

1   180 F.3d 1094, 1097 (9th Cir. 1999).

2   The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.  Analysis

Plaintiff argues the ALJ erred in (1) assessing her impairments at step-two, (2) discounting her subjective complaints absent clear and convincing reasons, and (3) failing to fully develop the record. As discussed below, remand is warranted based on the first argument. Accordingly, the court declines to reach plaintiff's remaining argument.

A.  Relevant Legal Standards

"The step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were not taken into account. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). At step-two the claimant has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004-05 (9th Cir. 2005); *see also* 20 C.F.R. §§ 416.909, 416.920(a)(4)(ii). A severe impairment is one that "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment is not severe if it is merely 'a

1  slight abnormality (or combination of slight abnormalities) that has c(9th Cir. 2005) (quoting

2  Social Security Ruling ("SSR") 96-3p).

3       When the ALJ determines that a claimant has at least one severe impairment, he must

4  consider all impairments, including non-severe impairments, at all subsequent steps of the

5  sequential evaluation. *Smolen*, 80 F.3d at 1290.

6      B.    <u>Discussion</u>

7      Plaintiff argues that the ALJ erred by finding that her carpel tunnel syndrome and mental

8  disorder were not severe. ECF No. 15 at 21-26. She further argues the error was not harmless

9  because the ALJ failed to include limitations caused by these impairments into plaintiff's residual

10 functional capacity ("RFC"). *Id*. at 27-28.

11         1.    <u>Carpel Tunnel Syndrome</u>

12     At step-two the ALJ noted that plaintiff had been diagnosed with carpal tunnel syndrome

13 in December 2014. AR 21.

14      In November 2014, plaintiff was seen for complaints of bilateral arm pain, weakness, and

15 numbness. AR 3041. Examination reflected tenderness in the forearms and deceased grip

16 strength. Plaintiff's physician suspected the symptoms were secondary to plaintiff's fibromyalgia

17 or possibly carpel tunnel syndrome. *Id* at 3042-43. The following month plaintiff was treated for

18 persistent bilateral wrist pain that radiated into her fingers. *Id*. at 3055. Findings on examination

19 included positive Phalen's and Tinel's signs bilaterally with decreased grip strength, which were

20 noted to be consistent with bilateral carpel tunnel syndrome. *Id*. at 3056. Plaintiff was prescribed

21 wrist splints and referred to physical therapy. *Id*. Treatment notes from March 2015 reflect

22 worsening wrist and arm pain bilaterally with mild weakness and intermittent paresthesias in the

23 right fingers, which her physician attributed to carpel tunnel and tendonitis. *Id*. at 3162-63, 3175.

24 A nerve conduction study in April 2014 showed moderate median neuropathy at the right wrist

25 and borderline median neuropathy at the left wrist, confirming the diagnosis of carpel tunnel

26 syndrome. *Id*. at 3201. Plaintiff received a referral for an orthopedic consultation, and it was

27 surgery was recommended to address her carpel tunnel syndrome. *Id*. at 3207-10.

28 /////

1	A few months later, the ALJ issued his initial decision finding plaintiff was not disabled. *Id*. at 160-69.  In October 2016, the Appeals Council vacated that decision, finding that the ALJ had failed to consider whether plaintiff's carpel tunnel syndrome was a severe impairment.  *Id*. at 154-56.  The Appeals Council remanded to the ALJ for "[f]urther development and evaluation of [plaintiff's] carpel tunnel syndrome."  *Id*. at 154.

In February 2017, plaintiff underwent a comprehensive internal medicine evaluation with examining physician Dr. Dolores Leon.  *Id*. at 3257-62.  Plaintiff's primary complaint was fibromyalgia.  AR 3258.  She reported experiencing pain throughout her body, including pain radiating to her hands.  *Id*. at 3258.  Plaintiff reported that she wears a brace on her wrist that "helps sometimes," although it not clear whether she notified Dr. Leon that the braces were prescribed to address her carpel tunnel syndrome.  Nevertheless, Dr. Leon opined that plaintiff was limited to no more than frequent handling, fingering, and feeling.  *Id*. at 3262.

Despite this evidence, the ALJ concluded plaintiff's carpel tunnel syndrome was not severe, concluding that plaintiff's treatment had been sporadic and conservative in nature.  The ALJ noted that plaintiff had an orthopedic consultation for carpel tunnel release surgery in 2015, but he highlighted plaintiff's testimony in 2017 that no surgery had been performed.

The ALJ's finding is not supported by substantial evidence.  Conservative treatment, although relevant to assessing whether an impairment is disabling, is not alone a sufficient basis for finding an impairment non-severe.  *Cowains v. Astrue*, 2012 WL 3779076, at *4 (C.D. Cal. Aug. 30, 2012) (finding conservative treatment with medication regimen is not a sufficient reason to find an impairment non-severe).  This is especially true in this case given that plaintiff's diagnosis was confirmed by objective medical testing, wrist braces were prescribed, and surgery recommended.  AR 687, 3201, 3207-10; *see Webb*, 433 F.3d at 687 ("[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'"); *see also Ukolov*, 420 F.3d at 1006 (claimant failed to establish impairment was severe where medical evidence did not include "a finding of impairment, a diagnosis, or objective test results.").

/////

6

Plaintiff's delay in having surgery does not warrant a contrary conclusion. At the 2017 administrative hearings, the ALJ did not inquire as to the delay in having the surgery. Nor did he specifically ask plaintiff how her carpel tunnel syndrome impacts her ability to function. The failure to do so is particularly troubling given the Appeals Council's vacatur of the prior decision because "[f]urther development and evaluation of [plaintiff's] carpel tunnel syndrome is necessary." *Id*. at 154.

The Commissioner argues that the ALJ did not err because plaintiff failed to meet her burden of establishing that his carpel tunnel syndrome was severe. The Commissioner notes that plaintiff's testimony in April 2017 did not describe the need for ongoing treatment, while plaintiff's testimony in September 2017 did not reference her carpel tunnel syndrome. ECF No. 19 at 25-26. The Commissioner's attempt to shift the blame to plaintiff is unpersuasive. As noted, the Appeals Council specifically held that further development and consideration of plaintiff's carpel tunnel syndrome was necessary. AR 154. Despite that finding, the ALJ did not ask plaintiff about the functional impact caused by her carpel tunnel syndrome, nor did inquire about the treatment received for this condition. Rather, he merely confirmed plaintiff had not undergone surgery. AR 44-47, 77-81. The failure to affirmatively inquire into the nature and limiting effects of this impairment is troubling given that plaintiff was not represented by counsel at the both hearings. Under those circumstances, it was incumbent on the ALJ to "scrupulously and conscientiously probe into, inquire of and explore for all relevant facts" to protect plaintiff's interest. *Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981). This, he failed to do.

Equally troubling is the ALJ's failure to properly consider the medical opinion evidence. In his decision, the ALJ summarized Dr. Leon's examination report and his opinion, including the physician's finding that plaintiff was limited to frequent handling, fingering, and feeling. Although the ALJ credited Dr. Leon's opinion with "significant weight," the RFC determination failed to include any manipulative limitations. This alone constitutes reversal error. *See, e.g., Martin v. Comm'r of Soc. Sec. Admin.*, 472 F. App'x 580 (9th Cir. 2012) (unpublished) ("The administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations

nor gave specific and legitimate reasons for rejecting it."); *Neufeld v. Berryhill*, 2018 WL 4739699, *6, (C.D. Cal. Sept. 30, 2018) ("Having afforded 'great weight' to the opinions of Dr. Bartell and Dr. Loomis, the ALJ was bound to either incorporate their findings as to Plaintiff's limitations or explain why she decided not to accept them.").

### 2. Mental Impairments

Plaintiff also argues that the ALJ erred by finding that her mental disorder was not severe. ECF No. 15 at 24-26. She contends that the ALJ, in assessing the severity of her mental disorder, failed to consider relevant opinion evidence. *Id*.

When a claimant alleges disability due to a mental impairment, the Commissioner's regulations require the ALJ to follow a special psychiatric review technique in reviewing the claim. 20 C.F.R. § 416.920a. The ALJ must first determine whether a medically determinable mental impairment exists (20 C.F.R. § 416.920a(b)), and then rate the degree of functional limitation in four broad areas—activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation (20 C.F.R. § 416.920a(c). The degree of limitation are assessed by using a five point scale with the following ratings: none, mild, moderate, marked, and extreme. 20 C.F.R. § 416.920a(c)(4). If the claimant has no more than mild limitations in each of the four broad areas, the mental impairment is generally found to be not severe. 20 C.F.R. § 404.920a(d)(1).

Plaintiff underwent a psychiatric evaluation with Dr. Lacy, an examining psychologist. AR 473-80. Of significance here, Dr. Lacy opined that plaintiff was moderately impaired in her ability to interact with coworkers and the public and deal with the usual stresses encountered in competitive work. *Id*. 479. Contrary to that opinion, the ALJ determined at step-two that plaintiff had no more than mild functional limitations in each of the four broad areas assessed by the psychiatric review technique. *Id*. at 22. In reaching that conclusion, the ALJ made no reference to Dr. Lacy's opinion. Instead, the ALJ's addressed Lacy's opinion in conjunction with the RFC determination, finding that the opinion was entitled to "some weight." *Id*. The ALJ, however, provided no explanation for giving the opinion reduced weight, much less a specific and legitimate reason supported by substantial evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 675

(9th Cir. 2017) ("If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.") (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).  Because the ALJ failed to provide legally sufficient reasons for rejecting Dr. Lacy's opinion, the moderate limitations he assessed should have incorporated into the ALJ's step-two findings, as well as the RFC determination.  *Cf. Martin v. Comm'r of Soc. Sec. Admin.*, 472 F. App'x 580 (9th Cir. 2012) (unpublished) ("The administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it.").

Based on the forgoing, the court finds that the ALJ failed to properly evaluate the severity of plaintiff's impairments and the medical opinion evidence.  Accordingly, the matter must be remanded to allow for proper consideration of the medical evidence.  *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

IV.   Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in the Plaintiff's favor and close the case.

DATED: September 30, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE